IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY L. MCGOWEN,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendant/Counter-Plaintiff. | Case No. 2:24-cv-00670-AMM |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Massachusetts Mutual Life Insurance Company ("MassMutual") answers Kimberly McGowen's ("McGowen") Amended Complaint as follows:

Pursuant to Federal Rule of Civil Procedure 8(b)(3), MassMutual generally denies all of the material allegations contained in McGowen's Amended Complaint and any amendment or supplement to the Amended Complaint that McGowen may have filed prior to removal.[1] MassMutual demands that McGowen prove, by credible evidence meeting the requisite standard of proof, each and every allegation made and contained in this case.

---

[1] Prior to removal, MassMutual was not properly served with the Complaint, the Amended Complaint, or McGowen's purported Application for a Temporary Restraining Order or Preliminary Injunction. However, on May 23, 2024, McGowen indicated in state court that MassMutual waived service. This is false, but MassMutual files this Amended Answer to avoid litigating the veracity and propriety of McGowen's apparent position on service.

1

# AFFIRMATIVE DEFENSES

MassMutual has not yet completed substantial discovery. Without admitting any of the allegations in the Amended Complaint, MassMutual alleges each of the following as affirmative defenses, expressly reserving all of its rights to allege additional defenses, and or/to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to it.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

McGowen's claims are barred, in whole or in part, because the Amended Complaint fails to allege facts sufficient to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

(Failure to Satisfy Conditions Precedent)

McGowen's claims are barred and/or limited because McGowen did not satisfy conditions precedent, including proof of disability.

## THIRD AFFIRMATIVE DEFENSE

(Claims Precluded by Terms of the Policy)

McGowen's claims are barred, in whole or in part, by the terms of the Policy.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

McGowen's claims, including her claim for attorney's fees, are barred in whole or in part because, at all relevant times, MassMutual acted and carried out its obligations in good faith.

## FIFTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

McGowen fails to state a claim upon which attorneys' fees can be awarded.

## SIXTH AFFIRMATIVE DEFENSE

(Reasonable Conduct)

MassMutual's conduct was reasonable and was not arbitrary and capricious or an abuse of discretion.

## SEVENTH AFFIRMATIVE DEFENSE

(No Breach of Contract)

McGowen's claims are barred because MassMutual did not breach any contract.

## EIGHTH AFFIRMATIVE DEFENSE

(No Causation)

McGowen's claims are barred, in whole or in part, because to the extent that any of McGowen's alleged damages were allegedly caused by the acts or omissions

of MassMutual, there was a superseding and/or intervening cause for such damages for which MassMutual bears no obligation, responsibility, or liability.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

McGowen's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

MassMutual has not knowingly or voluntarily waived any applicable affirmative defense and reserves its right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of this action.

**WHEREFORE**, Massachusetts Mutual Life Insurance Company denies that McGowen is entitled to judgment in any sum whatsoever and prays that this Honorable Court enter an order denying her claims and granting such other and further relief as this Court deems fair and just under the circumstances.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant/Counterclaim-Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") alleges the following claim for declaratory judgment

against Plaintiff/Counterclaim-Defendant Kimberly McGowen ("McGowen"), as follows:

## NATURE OF ACTION

1. This action concerns McGowen's claim for approximately $89,000 in benefits under a disability income insurance policy bearing policy number 8310213 (the "Policy") that MassMutual issued to McGowen.

## PARTIES

2. Upon information and belief, McGowen resides in Jefferson County, Alabama, and is a citizen of Alabama under 28 U.S.C. § 1332.

3. MassMutual is a life insurance company incorporated in Massachusetts, and maintains its principal place of business in Springfield, Massachusetts. MassMutual is therefore a citizen of Massachusetts under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1332, this Court has original subject matter jurisdiction over this action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because this judicial district is where McGowen resides and where a substantial part of the events giving rise to MassMutual's claim occurred.

# FACTS

6. In or around October 2023, McGowen submitted a claim for Partial Disability Benefits under the Policy.

7. After McGowen retired from her occupation as an endodontist on December 29, 2023, McGowen claimed Total Disability Benefits under the Policy.

8. The information submitted to and reviewed by MassMutual does not support McGowen's claims for Partial Disability Benefits and/or Total Disability Benefits.

9. MassMutual informed McGowen of its claim determination, but McGowen continues to assert that she is entitled to Total Disability Benefits under the Policy.

10. McGowen is not entitled to Partial Disability Benefits because she has not provided MassMutual with the requisite proof of Loss of Income of at least 20% of pre-disability income. McGowen is also not entitled to Partial Disability Benefits for the periods in which she was not working in her occupation or another occupation.

11. McGowen is not entitled to Total Disability Benefits because her medical records do not support any occupational restrictions or limitations due to any medical condition, including but not limited to Lupus.

## COUNT I (DECLARATORY JUDGMENT)

12. MassMutual incorporates each of the preceding paragraphs as if set forth herein at length.

13. MassMutual seeks a declaratory judgment that McGowen is not entitled to benefits under the Policy pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201(a).

14. The Declaratory Judgment Act ("DJ Act") provides: "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.*

15. The facts set forth in the preceding paragraphs demonstrate that there is a substantial controversy between MassMutual and McGowen, who have adverse legal interests, and there is sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. Moreover, the facts set forth in the preceding paragraphs specifically demonstrate that McGowen is not entitled to benefits under the terms of the Policy based on the information submitted to and reviewed by MassMutual in its claim evaluation.

17. As such, MassMutual is entitled to a declaratory judgment that McGowen is not entitled to benefits under the Policy from October 2023 to date.

WHEREFORE, MassMutual respectfully requests that this Court enter an order declaring that McGowen is not entitled to benefits under the Policy from October 2023 to date, and awarding MassMutual its attorneys' fees and costs and any other relief that this Court deems just and proper.

Dated: August 5, 2024

/s/ *Ronald W. Flowers*
Ronald W. Flowers (ASB-3635-A59F)
Joseph Barnello (ASB-2066-H82R)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Tel.: (205) 251-3000
Fax: (205) 458-5100
Email: rflowers@burr.com
       jbarnello@burr.com

Kate L. Villanueva (pro hac vice)
Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Tel.: (215) 988-2535
Fax: (215) 988-2700
kate.villanueva@faegredrinker.com

*Attorneys for Defendant/Counterclaim-Plaintiff Massachusetts Mutual Life Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 5, 2024, a true and correct copy of the foregoing was sent via the Court's electronic filing system, electronic mail, and regular mail, postage prepaid, to the following counsel of record:

William Henry McGowen III
4215 Cliff Road South
Birmingham, AL  35222
(205) 422-4296
unitedhumanitylife@gmail.com

*Attorney for Plaintiff/Counterclaim-Defendant Kimberly McGowen*

                                              */s/ Ronald W. Flowers*
                                              Ronald W. Flowers