# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY L. MCGOWEN, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant/Counter-Plaintiff. | Case No. 2:24-cv-00670-AMM |

## DEFENDANT/COUNTERCLAIM-PLAINTIFF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant/Counterclaim-Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby responds to the Court's September 3, 2024 Order to Show Cause "as to whether proper service of process has been made with regards to [MassMutual's] counterclaim." D.E. 15. In response thereto, MassMutual states:

1. On August 5, 2024, MassMutual filed an Amended Answer and Counterclaim. D.E. 10.

2. On August 5, 2024, MassMutual served the Amended Answer and Counterclaim to Plaintiff's attorney of record by (1) transmission of the Notice of Electronic Filing; and (2) First-Class Mail. *See* D.E. 10 (Certificate of Service).

1

3. Federal Rule of Civil Procedure 4 governs service of original pleadings (*i.e.*, the original complaint). Federal Rule of Civil Procedure 5, on the other hand, applies to service of "a pleading filed *after* the original complaint." *See* Fed. R. Civ. P. 5(a)(1)(B).

4. More specifically, Federal Rule of Civil Procedure 5 governs the filing and service of subsequent pleadings and other documents, such as counterclaims. *See W. Coast Fiberglass Specialist LLC v. Krebs*, No. 2:20-CV-879-JLB-MRM, 2021 WL 7502545, at *2 (M.D. Fla. Aug. 31, 2021) (holding proper service of counterclaim via CM/ECF on attorney of record in context of motion for default).

5. Rule 5(b)(1) provides that service may be made on an attorney for a party if the party is represented.

6. Rule 5(b)(2)(E) provides that service is effectuated by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending[.]"[1]

---

[1] Local Rule 5.6 similarly provides that "Transmission by the Notice of Electronic Filing constitutes service of the filed document upon each party in the case who is registered as a Filing User." Likewise, the Court's General Order 2004-01 Regarding Authorization of Electronic Filing provides that "[i]f the recipient of notice of service is a registered participant in the CM/ECF System, service by electronic means of the Notice of Electronic Filing shall be the equivalent of service of the pleadings or other documents by hand delivery."

7. Rule 5(b)(2)(C) also provides that service is effectuated by "mailing it to the person's last known address – in which event service is complete upon mailing."

8. Here, William McGowen III is the attorney of record for Plaintiff. *See* Ex. 1 (State Court Complaint signed by William McGowen III as counsel for Plaintiff) & Ex. 2 (email correspondence identifying himself as counsel for Plaintiff). Mr. McGowen is also a registered user with the Northern District of Alabama's electronic-filing system. *See generally* Docket.

9. MassMutual served Plaintiff through her attorney, William McGowen III, by (1) filing the Amended Answer & Counterclaim on the Court's CM/ECF System, which transmitted a Notice of Electronic Filing to William McGowen III, *see* Ex. 3 (NEF confirmation to "W Henry McGowen , III unitedhumanitylife@gmail.com");[2] and (2) mailing the Amended Answer & Counterclaim to Mr. McGowen's last known address, *see* Ex. 4 (Declaration of L. Sharitt).

---

[2] Mr. McGowen appears to utilize multiple email addresses, including unitedhumanitylife@gmail.com. *See* Ex. 2 (email correspondence from Mr. McGowen from unitedhumanitylife@gmail.com, which appears to be his registered email address with the Court's CM/ECF System). *See* Docket (reflecting registered email address of unitedhumanitylife@gmail.com) & Administrative Procedures For Filing, Signing, And Verifying Pleadings And Documents In The District Court Under The Case Management/Electronic Case Files System In Civil Cases, F(7) ("An attorney whose email address, mailing address, telephone or fax number has changed shall timely file a Notice of Change of Address in any active case in which that attorney is attorney of record.").

10. Accordingly, MassMutual properly served the Amended Answer and & Counterclaim on Plaintiff in accordance with Rule 5(b).

Dated: September 10, 2024

Respectfully Submitted,

*/s/ Joseph Barnello*
Ronald W. Flowers (ASB-3635-A59F)
Joseph Barnello (ASB-2066-H82R)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Tel.: (205) 251-3000
Fax: (205) 458-5100
Email: rflowers@burr.com
         jbarnello@burr.com
Kate L. Villanueva (pro hac vice)
Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Tel.: (215) 988-2535
Fax: (215) 988-2700
kate.villanueva@faegredrinker.com

*Attorneys for Defendant/Counterclaim-Plaintiff Massachusetts Mutual Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2024, a true and correct copy of the foregoing was sent via the Court's electronic filing system, electronic mail, and regular mail, postage prepaid, to the following counsel of record:

William Henry McGowen III
4215 Cliff Road South
Birmingham, AL  35222
(205) 422-4296
unitedhumanitylife@gmail.com

*Attorney for Plaintiff/Counterclaim-Defendant Kimberly McGowen*


*/s/ Joseph Barnello*