# EXHIBIT 1



ELECTRONICALLY FILED
5/22/2024 2:32 PM
01-CV-2024-902081.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **KIMBERLY L. MCGOWEN,** | ) |
|     **Plaintiff/Applicant** | ) |
| | ) **CASE NO. CV-2024_____** |
| v. | ) |
| **MASSACHUSETTS MUTUAL LIFE** | ) |
| **INSURANCE COMPANY** | ) |
|     **Defendant** | ) |

## COMPLAINT

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

    Plaintiff, KIMBERLY L. MCGOWEN, by and through her attorney of record, William H. McGowen III, submits this application requesting this Honorable Court grant an immediate Temporary Restraining Order and/or a Preliminary Injunction requiring the Defendant to simply process the Disability Insurance Claim of the Plaintiff.

    The Plaintiff recognizes that this Honorable Court is guided by the provisions of Rule 65 of the Alabama Rules of Civil Procedure. Counsel reminds the Court that the limits of Rule 65 are procedural, protective of the rights of the Defendant to assure balanced and complete adjudication. In so balancing and applying the protection of the Defendant, the Court must first determine whether there is a right to protect. If not, the procedure should be a confirmation of the Court's protection of the rights of the Plaintiff.

    The MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY received the Plaintiff's Claim Form in October of 2023 related to Policy Number 8,310,213. The Plaintiff treated her last patient on December 29, 2023. The policy includes a 90 day waiting period before beginning to receive benefits. That period ended March 29, 2024.

    Nicholas Edwards, the only representaive of Mass Mutual assigned to the case, has negligently and perhaps criminally failed to work through the claims process consistent with the terms of the policy. Mr. Edwards has received probably thirty calls and he has returned two. Mr. Edwards made a specific assertion on March 7, 2024 that the Mass Mutual Physician would have his analysis completed by March 14, 2024 and a decision would be rendered. Mr. Edwards has been deliberately misleading the Plaintiff to "force" this Circuit Court process.

Despite continuing efforts via calls, emails, submission of a complaint on the company website, etc., Kimberly L. McGowen has been suffering "irreparable harm" of psychological abuse which has manifested in a worsening of the physical pain she experiences every day from twenty years of performing root canals in positions inconsistent with the durability of her body. The Defendant has also continued to fraudulently draft monthly policy premiums inconsistent with the terms of the contract.

Attached herewith is an appropriately executed Affidavit as required by Rule 65 to obtain immediate relief.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISE CONSIDERED, Plaintiff/Applicant requests this Honorable Court enter a Temporary Restraining Order requiring the Defendant to process Kimberly L. McGowen's claim immediately and submit the finding to Ms. McGowen.

**WHEREFORE,** the Plaintiff requests this Honorable Court enter an ORDER stating the following:

"This Court, upon careful review of the evidence presented and the analysis of the law, finds that injunctive relief is due to be granted. Mass Mutual Insurance Company is hereby ORDERED to process the Claim of Kimberly L. McGowen and submit the findings to her immediately."

Respectfully Submitted,

William H. McGowen III (MCG031)
William H. McGowen III (MCG031)
Attorney for Plaintiff/Applicant
4215 Cliff Road South
Birmingham, AL 35222
(205) 422-4296
Email: unitedhumanitylife@gmail.com

ELECTRONICALLY FILED
5/22/2024 8:30 AM
01-CV-2024-902081.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

KIMBERLY L. MCGOWEN, )
    Plaintiff/Applicant )
     )
     ) CASE NO. CV-2024_____
v. )
MASSACHUSETTS MUTUAL LIFE )
INSURANCE COMPANY )
    Defendant )

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
MAY 22 2024
JACQUELINE ANDERSON SMITH
CLERK

## COMPLAINT

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Plaintiff, KIMBERLY L. MCGOWEN, by and through her attorney of record, William H. McGowen III, submits this application requesting this Honorable Court grant an immediate Temporary Restraining Order and/or a Preliminary Injunction requiring the Defendant to simply process the Disability Insurance Claim of the Plaintiff.

The Plaintiff recognizes that this Honorable Court is guided by the provisions of Rule 65 of the Alabama Rules of Civil Procedure. Counsel reminds the Court that the limits of Rule 65 are procedural, protective of the rights of the Defendant to assure balanced and complete adjudication. In so balancing and applying the protection of the Defendant, the Court must first determine whether there is a right to protect. If not, the procedure should be a confirmation of the Court's protection of the rights of the Plaintiff.

The MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY received the Plaintiff's Claim Form in October of 2023 related to Policy Number 8,310,213. The Plaintiff treated her last patient on December 29, 2023. The policy includes a 90 day waiting period before beginning to receive benefits. That period ended March 29, 2024.

Nicholas Edwards, the only representaive of Mass Mutual assigned to the case, has negligently and perhaps criminally failed to work through the claims process consistent with the terms of the policy. Mr. Edwards has received probably thirty calls and he has returned two. Mr. Edwards made a specific assertion on March 7, 2024 that the Mass Mutual Physician would have his analysis completed by March 14, 2024 and a decision would be rendered. Mr. Edwards has been deliberately misleading the Plaintiff to "force" this Circuit Court process.

Despite continuing efforts via calls, emails, submission of a complaint on the company website, etc., Kimberly L. McGowen has been suffering "irreparable harm" of psychological abuse which has manifested in a worsening of the physical pain she experiences every day from twenty years of performing root canals in positions inconsistent with the durability of her body. The Defendant has also continued to fraudulently draft monthly policy premiums inconsistent with the terms of the contract.

Attached herewith is an appropriately executed Affidavit as required by Rule 65 to obtain immediate relief.

### PRAYER FOR RELIEF

WHEREFORE, PREMISE CONSIDERED. Plaintiff/Applicant requests this Honorable Court enter a Temporary Restraining Order requiring the Defendant to process Kimberly L. McGowen's claim immediately and submit the finding to Ms. McGowen.

**WHEREFORE,** the Plaintiff requests this Honorable Court enter an ORDER stating the following:

"This Court, upon careful review of the evidence presented and the analysis of the law, finds that injunctive relief is due to be granted. Mass Mutual Insurance Company is hereby ORDERED to process the Claim of Kimberly L. McGowen and submit the findings to her immediately."

Respectfully Submitted,

*[signature]*

William H. McGowen III (MCG031)
Attorney for Plaintiff/Applicant
4215 Cliff Road South
Birmingham, AL 35222
(205) 422-4296
Email: unitedhumanitylife@gmail.com

*[handwritten notes:]*
Mass Mutual Life Insurance
Disclaim Forms @
massmutual.com
1295 State Street
MIP B 120
Springfield, Mass 01111

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

KIMBERLY L. MCGOWEN, )
    Plaintiff )
     )
     ) CASE NO. CV-2024_____
v. )
MASSACHUSETTS MUTUAL LIFE )
INSURANCE COMPANY )
    Defendant )

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
MAY 22 2024
JACQUELINE ANDERSON SMITH
CLERK

### AFFIDAVIT OF KIMBERLY L. MCGOWEN IN SUPPORT OF PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Before me, William H. McGowen III, the undersigned authority, a Notary Public for the State of Alabama at Large, personally appeared the Plaintiff/Petitioner/Affiant, KIMBERLY L. MCGOWEN, who is known to me and being by me first duly sworn, on oath, deposes and says as follows:

"The MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, represented by William P. Meagher, GA A013, Treloar and Heisel A075, and Agent, Barb Dando, solicited my agreement to purchase a disability insurance policy providing benefits if I became unable to perform the duties of my "own occupation", the practice of Endodontics or the performance of root canal surgical procedures. The Policy Date is May 9, 2001 and the Policy Date of Issue was May 23, 2001. For the past twenty three years I have paid the policy premiums as required. My Occupation, defined as "The Insured's regular profession or business at the start of Disability" has been Endodontics each and every work day.

The policy explains Total Disability by saying "We will pay the Total Disability Monthly Benefit shown in the Policy Speciafications if the Insured is Totally Disabled." The policy also has provisions regarding "Partial Disabiliy" which pertains to loss of revenue due to reducing the number of days of work.

In late 2022, I had to reduce the number of days I performed the root canal surgical procedures to three and one half. This decision was in response to my daily experience of constant pain. To summarize, I can take ten days off for vacation, return to my procedures for one day, and the constant pain returns. Although I have endured this pain for many years, I have prioritized generating revenue to the more that $300,000.00 I borrowed to pay for college, dental

school, my residencey in Endodontics, and all personal expenses during the associated ten year period.

In October of 2023, I filed a Claim with the insurance company. On December 29, 2023, I treated my last patient and retired. I notified Mass Mutual of this act and stopped receiving revenue. Given the policy includes a ninety day "waiting period", I had saved enough money and retained enough credit to last the ninety days. Despite constant communication with Mass Mutual, the processing of my claim has not been completed. I should have received two months of "total disability" payments and have not.

The conduct of Mass Mutual by and through their representative, Nicholas Edwards, has been inappropriate and psychologically abusive. I have suffered significant additional physical challenges caused by my personal emotional response. My expectation of fair and efficient processing of my claim is absolutely reasonable and the "required" acts of Mass Mutual have been negligently avoided with tortioous "bad faith"!

Mass Mutual Insurance Company is responsible to me as the policyholder to immediately process my claim and send me my money.

Executed this the 21st day of May, 2024.

_____
KIMBERLY L. MCGOWEN

This Affidavit was sworn to and subscribed before me on this the 21st day of May, 2024.

_____
William H. McGowen III
SEAL            Notary Public, State of Alabama at Large
My Commission Expires: May 21, 2025

WILLIAM H. MCGOWEN, III
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES MAY. 21, 2025